**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4131
_____

MUTTAQIN FATIR ABDULLAH,
Appellant

v.

LT. SEBA; GEORGE, Medical Staff; PRINCE, Nurse
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-13-cv-01227)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2016

Before:  AMBRO, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 20, 2016)
_____

OPINION[*]
_____

PER CURIAM

     Pro se appellant Muttaqin Abdullah appeals the District Court's order granting

summary judgment to the defendants.  We have jurisdiction under 28 U.S.C. § 1291 and

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

exercise a plenary standard of review. See State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009). For the reasons detailed below, we will affirm the District Court's judgment.

Abdullah is an inmate confined in USP-Lewisburg. In May 2012, he filed an action under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), naming as defendants a corrections officer and two members of the prison's medical staff. The claims concern an incident in April 2011 in which he was placed in ambulatory restraints for 24 hours. He alleged that the restraints were too tight and caused injuries to his hands and wrists. He raised two Eighth Amendment claims: (1) that placing him in restraints for this significant length of time amounted to cruel and unusual punishment, and (2) that he was provided with inadequate medical care.

The District Court granted summary judgment to the defendants.[1] The Court concluded that (a) "the duration of this period of restraint — 24 hours —simply does not implicate grave Eighth Amendment concerns," Op. at 30; (b) the use of this restraint represented an appropriate response to Abdullah's threatening behavior; (c) medical personnel monitored Abdullah and "observed no medical reason to remove these

---

[1] The District Court concluded that all of the Defendants' factual claims could be treated as admitted because Abdullah failed to file a separate statement of the material disputed facts remaining for trial as required by Middle District Local Rule 56.1. While district courts may properly use their local rules to narrow the issues for trial, *see Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175-76 & n.7 (3d Cir. 1990), whether such rules may be applied to *pro se* litigants, particularly those who make a substantial attempt to comply, is a separate question that we have not yet addressed. We need not do so today because, even taking his factual allegations into account, Abdullah has failed to establish a genuine dispute of material fact.

restraints," id. at 32; (d) Abdullah had manipulated the handcuffs, which caused his hand to swell; and (e) a doctor stated that, while Abdullah later received surgery for a nerve injury near his elbow, that injury was not caused by the handcuffs. The Court likewise concluded that medical personnel had provided appropriate care to Abdullah. Finally, the Court ruled that, even if Abdullah had presented a viable claim, the defendants were protected by qualified immunity.[2]

We agree with the District Court's analysis of this case. We turn first to Abdullah's excessive-force claim. The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. See Hudson v. McMillian, 503 U.S. 1, 8 (1992). When reviewing Eighth Amendment excessive-force claims, the Court must determine whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "'Application of force by prison guards exceeding that which is reasonable and necessary under the circumstances' may be actionable." Young v. Martin, 801 F.3d 172, 180 (3d Cir. 2015) (alterations omitted) (quoting Davidson v. O'Lone, 752 F.2d 817, 827 (3d Cir. 1984)).

---

[2] The District Court also denied Abdullah's sundry requests to amend or supplement his complaint. He has not challenged this decision on appeal, and we therefore will not review it. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."); see also Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) ("While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned[.]" (internal citation omitted)).

The undisputed evidence here reveals that the defendants placed Abdullah in restraints after he threatened to assault staff. He was kept in restraints for 24 hours because he continued to be disruptive and stated that he would not be compliant if he was released. During this period, he was checked every two hours by prison officers and every four hours by medical personnel; during these checks, Abdullah offered no medical complaints. While restrained, Abdullah refused to cooperate with the staff's requests to move his extremities — which would prevent circulation problems — and instead, against the advice of stuff, manipulated the handcuffs in a way that harmed his wrists.

In these circumstances, we agree with the District Court that a reasonable jury could not find that the defendants used force "maliciously and sadistically for the very purpose of causing harm." Young, 801 F.3d at 180 (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). Moreover, while Abdullah has made various allegations about the defendants' purported misconduct, he has not produced sufficient evidence to survive summary judgment. See Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006) ("In this respect, summary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument."); Blair v. Scott Specialty Gases, 283 F.3d 595, 608 (3d Cir. 2002) ("conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment").

Likewise, we agree with the District Court's conclusion that the defendants are entitled to summary judgment on Abdullah's claim concerning the medical care he received both while he was restrained and after he was released. To state a viable Eighth Amendment claim, Abdullah was required to show that the defendants were deliberately indifferent to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009). As the District Court explained, the undisputed evidence reveals that Abdullah received thorough and regular treatment for his various ailments, which culminated in successful surgery in October 2011. While he is apparently unsatisfied with the care he received, his vague complaints fail to show that his Eighth Amendment rights were violated. See generally Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (explaining that "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation (alteration omitted) (quoting Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987)).

Accordingly, we will affirm the District Court's judgment.

5